Our second case of this morning, number 18-2686, The Estate of Ginzburg v. Electrolux Home Products, Inc., Mr. Artem Ginzburg and Ms. Yemma. Good morning, Your Honors. I'm Lionel Artem Ginzburg and I represent the Estate of Vittorio Ginzburg. I request three minutes in rebuttal. It's fine. May it please the Court. This matter relates to the common law doctrine, which Judge Sirica is quite familiar with, I'm sure, called the Lamp Doctrine. Under Pennsylvania law, there's no particular set time as there is under the rules of federal rules of civil procedure in order to serve a complaint. In Pennsylvania, a writ of summons or a complaint is issued and service attempts are made and then the writ is reissued or a complaint is reissued until service is made. I'm looking at them. My lodestar eventually becomes matric. Yes. And it does say the flexible standard applies when the defendant has actual notice before the statute of limitation period expires. And here, this is what is recognized an exception to that rules. Your Honor, they in McCreesh, the court adopted a line of cases that adopted it liberally and stated that in one particular case, Siler versus McCann, there was a certified male attempted service and it took nearly 14 months to get service. At that time, there was something called the equivalent period doctrine in Pennsylvania law where one reinstatement would give you an extra two or four years, depending on whether you had a tort or a contract claim under the statute of limitations. That doctrine is in flux after McCreesh and after Witherspoon. In this case, if your honors look at the record of the certified male, which is on page 824 of the appendix, you'll see that the mail which contained the writ of some sermons was in the hands of the post office in Augusta, Georgia on the 6th. It is marked as being ready for pickup on the 8th, which would still be within the 90 days of pickup. On the 9th, it's... On that point, why did the court say that there was bad faith? I am not sure why the court said that there was bad faith because the rules of civil procedure specifically give you 90 days in order to attempt to serve it and it was mailed perhaps late in the period, but there is no indication that that in and of itself would be bad faith. In fact, in Siler, the plaintiff had waited more than a month before filing his certified mail. I think what you're seeing is some exasperation that you waited till the very end to file the complaint and then once you got the precipi, you waited 88 days to file the writ of summons. I mean, it's like, you know, why put things off like that to the last minute? I mean, that's just inviting a court to say exactly what this court said. Your Honor, I cannot speak to what the trial attorney did in this matter, but as to the choice of a writ of summons over a complaint in the matter, the plaintiff, who was at the time living, was not available for verification. He was, in fact, in the hospital at the time and that is why a writ of summons was chosen. As to why the amount of time was taken before it was sent out, I'm not certain and that's not part of the record. So if we were to recognize some type of exception to the actual notice requirement, what would it look like? So the Pennsylvania courts fiddled with this for 35 years. They finally came up with something in McCreesh and you're saying, okay, do something else, but what would it look like? You're writing this opinion. What would you do? I think I would take notice of the fact that this was, in fact, a good faith attempt, that this was sent within the 90-day period. I mean, that's a finding of fact, isn't it? Well, Your Honors have plenary review over this matter as it relates to service and if it is, in fact, a good faith attempt, it's a failed attempt at service and then the subsequent... Let's just take the bad faith, good faith off the table. Let's just say it was in good faith. That still doesn't get you home, does it? Well, if you're referring to the address issue... I mean, in terms of the actual notice. They got actual notice 92 days and not within 90 days. So you're saying, look, we tried and we sent it instead of to Augusta. We had the right zip code, but the wrong city. Something got messed up at the post office, etc. And I realize that McCree says in footnote 20, we note that there may be situations where actual notice may not be absolutely necessary so long as prejudice did not result, that we need not delineate that exception here because the issue was not before us. So there may be something, but what...  You're suggesting a rule. What are you suggesting to us as the rule that we should adopt in our perception of how we think Pennsylvania courts would rule? Your Honor, I think you would look to rule 124, the Pennsylvania rules of civil procedure, which state that the courts are supposed to take a liberal interpretation of the rules of procedure so as to effectuate justice. And in this case, while there was a delay, while there was there, there was no prejudice to defendant, that the attempted service actually did bring notice to defendant, even if it did not do so within the strict 90-day limit, that it was a failed attempt, simply as it would have been a failed attempt had it come back as an undeliverable certified mail if the post office box had in fact been closed. And I think that from there, you look at it as a matter of did the attempt serve to effectuate notice? And I think here it did. It's a question, gentlemen. I'm sure I do. Well, we'll get you back on rebuttal. We'll give you more time if there's more questions. Thank you. Good morning, Your Honors. May it please the Court. My name is Melissa Yema, and I'm an attorney with the Nicholson Law Group, and I represent the appellee in this matter, Alessa Lux, Home Products, Inc. I noted at the outset that footnote 20 of McCree says that it looks like actual notice is not absolutely necessary. There may be circumstances. Why wouldn't this be one of those situations? Your Honor, I don't believe this is one of those situations where that's warranted because the actual notice was... It was late, and... I get it. But it was sent to the right zip code. Turns out it had the wrong city. Maybe they're adjacent. I'm not sure. But notice was given two days after the deadline, and it's pretty darn clear there's no prejudice to your client on this. So, Your Honor, in addition to the wrong city, it was also the wrong street address. So by really luck, the writ made its way to my client. Well, let me ask you this. It was available for pickup on May 8th. Your client got it on May 9th. What's the prejudice to you? So, in terms of the timeline, so Electrolux didn't actually have it until the 10th. I realize the tracking says it was available. The same question applies. The same question applies. Yes, Your Honor. I just wanted to make sure the record... What's the prejudice? I can't conceive of any. At that point, there would have been no prejudice. But as this appeal has continued... And, in fact, after the appeals... I mean, after they started, I mean, you didn't... How long did you wait before you even removed to federal court? Over 80 days, right? We removed at the end of July. And this was... I think that's over... I'm not mistaken. That was... You waited 80 days. So, if I'm... If I have this right, you had a court appearance in July? Before that in state court, then you were removed. Yes, Your Honor. So, we keep coming back to the same question. What's the prejudice? So, at this point, Mr. Ginsburg has unfortunately passed away and is not available to be deposed. So, his deposition was not taken as this appeal was continuing. So, we unfortunately don't have the opportunity to depose him. So, I would submit that that is prejudicial to my client. Aren't we supposed to look at prejudice back at that time and not prejudice today? I would agree with you on that. You know, if he was... You know, if your client was in business doing great and now it's not, you know, he gets a judgment. It's prejudicial. Look at all the time we could have been paid. Anyone can do that, right? So, if you go back in time with me, you'll agree that there was no prejudice. Yes, Your Honor, at that time. Right. Okay. So, if there was no prejudice and McCree says what it says, how can this come out any other way but that they be permitted to go forward? I'm sorry, Your Honor, I didn't hear the last part. Well, I mean, how does this come out any other way but that the estate be permitted to go forward? So, under McCree, we don't get to the prejudice argument unless you make an exception that the actual notice does not have to occur before the writ expires. So, the court is saying that, and they made it very clear, there may be situations where actual notice may not be absolutely necessary so long as the prejudice did not resolve. But the court did not identify... So, we don't have any case law to identify... So, that means it's a... Right. So, go ahead. We don't have any guidance from the McCree's court under what circumstances an exception would be appropriate. I mean, if Your Honor's find that this case presents that exception... Then we go forward. Then we go forward, but we would respectfully... Is this case that we should certify to the Pennsylvania Supreme Court? No, Your Honor, we don't believe that it presents a novel issue such that it's wanted to be certified. Well... No one has given us the... We have a rather broad standard from... In McCree's, and maybe they would... Maybe the court would like to expand on that, give us some more guidance. And just to supplement that, especially when the purpose of the rule was that oftentimes plaintiffs and plaintiffs counsel would be stalling. Putting things out. There was no stalling here. There's no attempt to stall the judicial machinery. It was just waiting until close to the end. But... So, if there's no attempt to stall... Why don't you go to Judge Sirica's question there. Your Honor, respectfully, I think the stalling was waiting until the end of the 90-day period. In McCree's and in other similar cases, there was only a 30-day period to serve the right because... What would be the incentive to stall in connection with a claim with respect to this Electrolux product? I can't... There's no reason to stall. It was just a matter of neglect and not... Well, it may be neglect. I mean, that's... Neglect isn't intentional stalling. So, back to Judge Sirica's question then. Maybe I shouldn't have interjected. That's okay, Your Honor. Your question was with regard to whether the Pennsylvania Supreme Court would like to... The opportunity to evaluate this issue. Exactly. They may. They may. Under McCree's. I mean, the question is, do we give them the first shot to deal with their own procedural rules? They've indicated there is flexibility. How much so under these particular circumstances? And it may be a good vehicle for the court to expand. It becomes McCree's too, if you will. Model 2-0, whatever. If Ginsburg had filed the precipice two days earlier and still provided actual notice two days late, would that have remedied the problem under McCree's? If the precipice had been filed two days earlier and... Had they received actual notice still two days late, would that have remedied the problem? I don't think... Or would we have a problem? Yes, Your Honor. I think there still would be a problem because of when the writ was received, because they received it two days late. No matter how you look at this actual notice issue, wasn't the district court incorrect to conclude there was no good faith attempt at service? No, Your Honor, I don't believe so. What's the backup for that? The backup is that under McCree's, the good faith effort requires that the writ be received before it expires. And here it was clearly expired on the 8th prior to it being received by my client. They sent something out on the 6th. Turns out they got the wrong information from Bloomberg, is that right? And they had the wrong... They had the right zip code, wrong city, and you're saying the wrong street address. Yes, Your Honor. And it was... My client is easily found on the Internet. Their headquarters is located in Charlotte. It's been located there since 2011. A simple Google search would have discovered the correct address for my client. Not just one, many. They have a registered agent in Pennsylvania. If they were intent on serving Electrolux in Georgia, there's also a registered agent in Georgia. So there were... You just said a few moments ago that this is a case of neglect. Neglect does not equal bad faith. I mean, it can't legally. I agree, Your Honor. It would seem that at the very least the court was incorrect with... It just sounds like the court was exasperated and made a finding that I don't find makes sense. Certainly, and supported by that, it doesn't make sense based on what you just said to us. Any other questions? So let's go back to the certification question because I'm trying to figure out whether this needs to be done. So McCreech gives some discretion. You say you got noticed two days late. You've also said there's no ostensible prejudice. Now, if McCreech stands for any proposition, it stands for some leeway, right? Now, if you received notice on the 8th, you'd need no leeway because that would be within the time period, yeah? Yes, Your Honor. Agreed. So I think you would concede that if McCreech means anything, it would certainly extend the notice to the 9th and likely the 10th. Otherwise, it makes no sense, right? Because you don't need McCreech to have actual notice by the 8th, yeah? That's what you just said. So if it's giving any leeway, it's certainly giving leeway for two days. You'd have to concede that, no? I mean, the Supreme Court, right? They went to the whole trouble of writing something. They didn't write something for one day, right? Particularly because they spoke to whether or not there's prejudice. So thinking about it that way, it's unlikely that we need the court's intervention necessarily. We're just talking now for two days. More than that, reasonable people could disagree. But if you're going to say we're going to have some leeway, two days would seem to fall within that, yeah? It seems as though it would. Any further questions? No, thank you. Thank you very much. Mr. Arden Ginsberg. As for the question of certification, Your Honors, if Your Honors feel that certification would be helpful, I'm all in favor of it. McCreesh is 14 years old. And this does seem to carve a slightly new angle into the footnote in McCreesh. But, again, Your Honors, this is two days. There was an affidavit that was withdrawn and reissued in the lower court. Had the chief legal officer of Electrolux been correct and that she had not received notice until June, I don't think we'd be up here. I think that the lower court would have been absolutely correct if there had been no notice for more than a month. But in this case, we have it on the desk of the chief legal officer by no later than May 12th. And for that reason, I think we have sufficient notice, regardless of address, regardless of things. I think this was absolutely a good paper to hunt. Thank you very much. Thank you to both counsel. We'll take the matter under advisement and call her. Can we have two minutes? Sure.